IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEANDRE L. DAVIS,

    Plaintiff,

v.                                  Civil Action No. 5:12CV48
                                                    (STAMP)

SCOTT VILLERS, JIM RUBENSTEIN
and KIM MURPHY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The <u>pro se</u>[1] plaintiff, Deandre Davis, commenced this civil rights action by filing a complaint against the defendants, Scott Villers ("Villers"), Jim Rubenstein ("Rubenstein"), and Kim Murphy ("Murphy"), in this Court pursuant to 42 U.S.C. § 1983. In his complaint, the plaintiff claims that his constitutional rights were violated by alleging that: (1) he was deprived of toilet paper while incarcerated at the Tygart Valley Regional Jail ("TVRJ"); (2) there are not enough tables and chairs in his section to accommodate the number of people within his section at TVRJ; (3) he was forced to wear used stained underwear at the TVRJ; (4) the food is cold when served at the TVRJ; and (5) there is a lack of privacy while toileting at the TVRJ.

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1341 (9th ed. 2009).

Thereafter, the defendants, all employees of the TVRJ, filed motions to dismiss. Defendants Murphy and Villers filed a joint motion to dismiss in which they argued the following: (1) the plaintiff's claims against Villers and Murphy in their official capacities are prohibited by the Eleventh Amendment to the Constitution; (2) Villers must be dismissed because there is no allegation of personal involvement in the violations of plaintiff's constitutional rights; and (3) the plaintiff's claims are merely conclusory allegations with no factual support, insufficient to withstand dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant Rubenstein filed his motion to dismiss separately. In his motion to dismiss, defendant Rubenstein argues that: (1) the plaintiff's claims against him in his official capacity are prohibited by the Eleventh Amendment to the Constitution; (2) he is entitled to be dismissed because he had no control over the events that plaintiff alleges occurred at the jail; and (3) plaintiff's claims are merely conclusory allegations with no factual support, insufficient to withstand dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because the plaintiff is proceeding without counsel, the Court issued <u>Roseboro</u> notices advising the plaintiff of his right to respond to the defendants' motions. <u>See</u> ECF Nos. 28 and 29. Plaintiff did not file a response. On October 9, 2012, United

States Magistrate Judge James E. Seibert entered a report and recommendation. In this report and recommendation, the magistrate judge recommended that this Court dismiss the plaintiff's complaint. Specifically, the magistrate judge found that this Court should dismiss defendant Murphy because it is unclear what role she had in any violation of the plaintiff's constitutional rights. Next, the magistrate judge found that the plaintiff failed to make any allegations which reveal the presence of the required elements for supervisory liability as to defendants Villers and Rubenstein. Finally, regarding the prison conditions that the plaintiff complained violated his constitutional rights, the magistrate judge found that the conditions did not constitute constitutional violations. A copy of the magistrate judge's report and recommendation that was sent to the plaintiff was returned as undeliverable. The Court has not received a forwarding address from the plaintiff.[2] For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

---

[2] In the "Notice of General Guidelines for Appearing Pro Se in Federal Court" sent to and received by the plaintiff on July 20, 2011 (ECF No. 5); return receipt (ECF No. 6), the plaintiff was informed of his duty to "[k]eep the Court and opposing counsel, if any, advised of [his] most current address at all times." He was further advised that failure to comply with this guideline could result in the dismissal of his case.

3

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections. Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

A. Defendant Kim Murphy

Under Federal Rule of Civil Procedure 8(a)(2), the person making the claim must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957)). As the magistrate judge indicated, the plaintiff in this instance failed to make any specific allegations against any of the defendants. However, pro see petitions should be liberally construed, no matter how unskillfully pleaded. Haines v. Kerner,

4

404 U.S. 519, 520 (1972). As the magistrate judge states, while this Court can construe the plaintiff's suing defendants Villers and Rubenstein in their official capacities, it is unclear what role that defendant Murphy, as TVRJ's fiscal clerk, could have had in any violation of the plaintiff's constitutional rights. Therefore, because the plaintiff did not make any specific allegations against defendant Murphy, and this Court is unable to construe the plaintiff's claim as doing such, the plaintiff has failed to state a claim against defendant Murphy. This Court finds no clear error in the holding of the magistrate judge that the claims against this defendant must be dismissed with prejudice.

B. Defendants Scott Villers and Jim Rubenstein

As to defendants Villers and Rubenstein, the magistrate judge found that the plaintiff failed to make any allegations that satisfy the elements required for supervisory liability, and thus the plaintiff failed to state a claim against defendants Villers and Rubenstein. He found that the plaintiff failed to specify whether they were being sued in their individual or official capacities and the plaintiff did not make any particular allegation against either defendant other than generally that his rights were violated. Defendant Villers at the time was the Acting Administrator of West Virginia Division of Corrections and defendant Rubenstein was the Commissioner of the West Virginia Division of Corrections. As the magistrate judge explained, there

is no respondeat superior liability under § 1983. <u>Baker v. Lyles</u>, 904 F.2d 925, 929 (4th Cir. 1990) ("The doctrine of respondeat superior generally does not apply to § 1983 suits."). However, if the subordinate acted pursuant to an official policy or custom for which he is responsible, a court may impose supervisory liability. <u>See</u> <u>Fisher v. Washington Metropolitan Area Transit Authority</u>, 690 F.2d 1113 (4th Cir. 1982). Further, the United States Court of Appeals for the Fourth Circuit has held that if a plaintiff establishes the following three elements a plaintiff can establish supervisory liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

<u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994). As the magistrate judge indicated, the plaintiff failed to make any allegations that reveal the presence of any of the required elements for supervisory liability as to defendants Villers or Rubenstein. This Court finds no clear error in the holding of the magistrate judge that the claims against these defendants must be dismissed with prejudice as the plaintiff failed to state a claim against either defendant Villers or Rubenstein.

6

C.  <u>Prison conditions</u>

In addition to the plaintiff failing to state a claim against any defendant, this Court also agrees with the magistrate judge's findings concerning the plaintiff's allegations that his Eighth Amendment rights were violated due to the conditions complained of. As indicated by the magistrate judge, a prison official violates the Eighth Amendment only when two requirements are met: (1) that the deprivation of a basic human need was "objectively 'sufficiently serious'"; and (2) the prison acted with "'sufficiently culpable state of mind.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). A culpable state of mind is "one of 'deliberate indifference' to inmate health or safety." <u>Id.</u> This requires that the prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer</u>, 511 U.S. at 837. "The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying the 'minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson</u>, 501 U.S. at 298 (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)).

First, plaintiff claimed he was deprived of toilet paper from December 5, 2011 to December 9, 2011. The magistrate judge found that a temporary toilet paper shortage did not rise to the level of

7

a constitutional violation.  While this is unfortunate, the plaintiff failed to allege that such deprivation was done with "deliberate indifference" to the inmate's health or safety.  As such, this Court finds no clear error in this holding of the magistrate judge.

Second, the plaintiff claimed that the prison was overcrowded due to there being only four tables and four chairs in his section with thirty people in his section on average.  As the magistrate judge indicated, the plaintiff must demonstrate that the overcrowding deprived him of a specific human need.  <u>Williams v. Griffin</u>, 952 F.2d (4th Cir. 1991).  The magistrate judge found that the plaintiff failed to show the defendants had a culpable state of mind, and that such condition deprived him of a specific human need.  This Court finds no clear error with the magistrate judge's findings concerning the plaintiff's overcrowding complaint.

Third, the plaintiff complained that he was provided used underwear with stains on it to wear.  The magistrate judge found that the claim was frivolous and it failed to state a claim upon which relief could be granted.  As the magistrate judge stated, the plaintiff did not allege that it posed any hazards to his health, that any injury resulted from wearing the underwear, or even that it was not laundered and cleaned before it was provided to him.  This Court finds no clear error concerning the magistrate judge's findings that the plaintiff failed to state a claim upon which

relief could be granted through his claims concerning used underwear.

Fourth, the plaintiff complained that the food was cold as it was put in the freezer the night before and not warmed up when it was delivered to him. The magistrate judge found that the claim did not rise to the level of a constitutional violation and should be dismissed. "[T]he Eighth Amendment prohibition against cruel and unusual punishment does require that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)). As the magistrate judge indicated, the plaintiff did not allege that he was endangered in any way, only that he was displeased with the temperature of his food. This Court finds no clear error concerning the magistrate judge's findings.

Fifth, and lastly, the plaintiff complained that he has a lack of privacy from female staff as they can walk by and see him unclothed or using the toilet. As the magistrate judge indicated, prisoners have a very limited right to bodily privacy from guards of the opposite sex. Jordan v. Gardner, 986 F. 2d 1521, 1524 (9th Cir. 1993) (en banc). However, as the magistrate judge also notes, the involuntary exposure of one's genitals to a member of the

9

opposite sex, unless reasonably necessary, may be a constitutional violation. Lee v. Downs, 641 F.2d 1117 (4th Cir. 1981). Here, the magistrate judge specifically found that the plaintiff's description of the infrequency and brevity of the instances during which a female correctional employee may have seen him unclothed, indicated that such minimal exposure was reasonably necessary to ensure the security of the jail. Further, the magistrate judge stated that the plaintiff not only failed to allege the defendants had a culpable mind, but the claim also did not rise to the level of a constitutional violation and should be dismissed.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the defendants' motions to dismiss (ECF Nos. 24 and 26) are GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and

recommendation bars the plaintiff from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 7, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE